UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES THOMAS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-567-DRL-MGG |
| JOHN M. MARNOCHA, | |
| Defendant. | |

OPINION AND ORDER

James Thomas, a prisoner without a lawyer, filed a complaint alleging State Court Judge John M. Marnocha did not make sure his bond money was deposited into his inmate trust fund account after the charges against him were dismissed. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The docket in *State v. Thomas*, 71D02-2206-F6-466 (St. Joseph Superior Court 2 filed June 8, 2022), available at https://public.courts.in.gov/mycase, shows Judge Marnocha signed an order dismissing the criminal charges against Mr. Thomas on March 16, 2023. The same day, he also signed to authorize the return of his $695 bond. Mr. Thomas alleges

his bond refund check was cashed, but not by him. He attaches a copy of the check showing it was electronically deposited on April 4, 2023. ECF 1-1 at 2-3. He alleges he could not have made that deposit because he was in jail. He alleges the endorsement signature is a forgery. He seeks $30,000 to compensate him because he did not get his $695 check. He sues because "Judge Marnocha did not make sure my bond money got back to me." ECF 1 at 2 (emphasis omitted).

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (emphasis added). Judge Marnocha had absolute judicial immunity for ordering the dismissal of the criminal charges against Mr. Thomas and ordering the release of his bond. Mr. Thomas wanted the refund money deposited into his inmate trust account rather than being mailed to him as a check. It is unclear if Judge Marnocha had any involvement in how the refund was issued, but to the extent he did, he has absolute immunity for that too. It is legally frivolous to sue a judge who has absolute immunity.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). As explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

December 11, 2023	*s/ Damon R. Leichty*
	Judge, United States District Court

USDC IN/ND case 3:23-cv-00567-DRL-MGG   document 14   filed 12/11/23   page 3 of 3